IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SCOTT GAGNON | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| v. | § | 1:11-CV-00920-LY |
| | § | |
| HYATT CORPORATION | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S AMENDED ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, SCOTT GAGNON, complaining of Defendant HYATT CORPORATION, and for cause of action would show this Court as follows:

**I.**

**DISCOVERY**

1.1   Plaintiff intends to conduct discovery in this matter in accordance with Level 3 of the *Texas Rules of Civil Procedure*, Rule 190.

**II.**

**THE PARTIES**

2.1   Plaintiff Scott Gagnon is a resident of Travis County, Texas.

2.2   Defendant Hyatt Corporation is an entity doing business in Travis County, and may be served with process by serving its registered agent, United States Corporation Co., 211 East 7th Street, Suite 620, Austin, Texas  78701.

## III.

## JURISDICTION AND VENUE

3.1     The amount in controversy exceeds the minimum jurisdictional limits of this Court.  Venue is proper in Travis County pursuant to Chapter 15 of the Texas Civil Practice and Remedies Code in that all or a substantial part of the events or omissions giving rise to the claim occurred in Travis County, Texas.

## IV.

## CONDITIONS PRECEDENT

4.1     All conditions precedent to maintain this lawsuit have been performed or have occurred.

## V.

## FACTS

5.1     Plaintiff Scott Gagnon is an individual with autism. Mr. Gagnon's autism substantially limits him in the major life activities of working, learning, interacting with others, and communicating.

5.2     Mr. Gagnon was hired by Defendant Hyatt Corporation in 1995 as an associate in the laundry department. Mr. Gagnon was hired through Goodwill's job placement program. Defendant allowed Mr. Gagnon to switch between tasks in the laundry room during his shift as an accommodation for his disability (autism). Due to his autism, if Mr. Gagnon is required to work on the same task for his entire shift, he loses focus, becomes irritable, and his performance suffers.

5.3     In 2009, Maria Ramirez became laundry supervisor. Once Ms. Ramirez became Mr. Gagnon's supervisor, she began to write up Mr. Gagnon and refused to allow Mr. Gagnon

reasonable accommodations necessary for him to perform his job.

      5.4      In July 2009, Ms. Ramirez met with Mr. Gagnon and informed him of deficiencies in his job performance. However, Mr. Gagnon's job performance was no different than it was from 1995 to 2009, a time period in which he was twice named employee of the month and Defendant upgraded him from part-time to full-time status. After this meeting, Mr. Gagnon requested that he be allowed to rotate between tasks during his shift.

      5.5      In October 2009, Mr. Gagnon received a four day suspension due to his allegedly poor performance. After that suspension, Mr. Gagnon and his father met with Mr. Ramirez and other employees of Defendant and requested that Mr. Gagnon be accommodated by allowing him to switch between tasks in the laundry room and by having expectations and instructions explained to him in a manner an individual with autism could understand. Defendant did not grant these accommodations.

      5.6      Between October 2009 and November 2010, Mr. Gagnon was not given his requested accommodations and was written up on multiple occasions. In November 2010, Mr. Gagnon was put on a performance improvement plan despite the fact that his performance at that time was no different than it had been in the previous 15 years. After Mr. Gagnon was placed on the performance improvement plan, Mr. Gagnon and his father met with Ms. Ramirez and again requested that Mr. Gagnon be accommodated by being allowed to rotate between tasks during his shift.

      5.7      After the November 2010 performance improvement plan, Ms. Martinez continued to write Mr. Gagnon up for performance issues that could have been avoided had Mr. Gagnon's requested accommodations been granted. On March 2, 2011, Mr. Gagnon was written up for slamming a laundry cart into a dryer and yelling at coworkers. This incident occurred after

Ms. Ramirez had required Mr. Gagnon to work an entire week on the towel folding machine. Ms. Ramirez knew that requiring Mr. Gagnon to work an entire week on a single task would cause performance issues because it had happened in the past and because Mr. Gagnon had requested the accommodation to switch between tasks during the course of his work day.

5.8   On March 7, 2011, Mr. Gagnon was terminated by Defendant. The reason given for his termination - poor performance - is a pretext for unlawful discrimination and retaliation.

## VI.

## CAUSES OF ACTION

### DISCRIMINATION, FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS, AND RETALIATION UNDER THE TEXAS COMMISSION ON HUMAN RIGHTS ACT

6.1   The allegations contained in Paragraphs 5.1 through 5.8 are hereby incorporated by reference.

6.2   *Discrimination*. The conduct of the Defendant towards Plaintiff, through its agents, employees, managers, and supervisors, as set forth above, among other activities constitutes discrimination on the basis of a disability, in direct violation of §21.001, et. seq., Labor Code, Vernon's Texas Codes Annotated, which states, in pertinent part, that:

> "An employer commits an unlawful employment practice if...the employer...discharges an individual... discriminates against an individual...or...classifies an employee...in a manner that would deprive or tend to deprive an individual of any employment opportunity or adversely affect in any manner the status of an employee." *See* Texas Labor Code §21.051

Plaintiff's disability was a determining or motivating factor in Defendant's employment decisions regarding Plaintiff, including the decision to terminate Plaintiff's employment. Plaintiff's disability moved Defendant toward its decision or was a factor that played a part in Defendant's employment decisions as to Plaintiff.

6.3     <u>Failure to Provide Reasonable Accommodations</u>. Defendant violated Texas Labor Code §21.128 by failing to provide a reasonable workplace accommodation to Plaintiff. During Plaintiff's employment with Defendant, he could perform the essential functions of his job, with reasonable accommodation. The accommodation necessary for Plaintiff to perform the essential functions of his job would not have imposed an undue hardship on Defendant's operation of its business.

6.4     <u>Retaliation</u>. In addition, Defendant has retaliated against Plaintiff for making discrimination complaints, for requesting reasonable accommodations, for participating in a discrimination investigation or otherwise opposing disability discrimination by the employer. *See* Texas Labor Code §21.055. Plaintiff's discrimination complaints and opposition to discriminatory practices were a determining or motivating factor in Defendant's employment decisions regarding Plaintiff, including the decision to terminate Plaintiff's employment.

<b><u>DISCRIMINATION, FAILURE TO PROVIDE REASONABLE
ACCOMMODATIONS, AND RETALIATION
UNDER THE AMERICANS WITH DISABILITIES ACT</u></b>

6.5     The allegations contained in Paragraphs 5.1 through 5.8 are hereby incorporated by reference.

6.6     Defendant violated by the Americans with Disabilities Act by discharging Plaintiff.  42 U.S.C. § 12101 et seq.

6.7.    Under 42 U.S.C. §12112, it is unlawful for an employer to discriminate against any individual with respect to her employment because of that individual's disability or because the employer regards the individual as a person with a disability.

6.8.    Defendant is an employer under the ADA.

6.9.    Plaintiff was qualified for and could perform the essential functions of his job at

the time of his termination.  Plaintiff is a qualified individual with a disability, is a qualified individual with a record of a disability, and was regarded by the Defendant as a person with a disability.

6.10.   Plaintiff was meeting his employer's expectations.

6.11.   Plaintiff was terminated as a direct result of his disability, his record of having a disability, and/or because Defendant regarded Plaintiff as a person with a disability.

6.12.   Defendant violated both the ADA by intentionally discriminating against Plaintiff because of his disability by terminating Plaintiff's employment.  Plaintiff's disability and/or being regarded as disabled was a determining or motivating factor in Defendant's decision to terminate Plaintiff's employment.  Plaintiff's disability and/or Defendant's perception of Plaintiff as a person with a disability moved Defendant toward its decision or was a factor that played a part in Defendant's employment decisions as to Plaintiff.

6.13   Defendant violated ADA by refusing to provide reasonable accommodations to Plaintiff. During Plaintiff's employment with Defendant, he could perform the essential functions of his job, with reasonable accommodation. The accommodation necessary for Plaintiff to perform the essential functions of his job would not have imposed an undue hardship on Defendant's operation of its business.

6.14   Defendant violated the ADA by retaliating against Plaintiff for making discrimination complaints, for requesting reasonable accommodations, for participating in a discrimination investigation or otherwise opposing disability discrimination by the employer. Plaintiff's discrimination complaints and opposition to discriminatory practices were a determining or motivating factor in Defendant's employment decisions regarding Plaintiff, including the decision to terminate Plaintiff's employment.

## VII.

## DAMAGES

7.1     As a result of Defendant's unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or employment relationship, employment benefits in the past, and employment benefits in the future. Plaintiff has also incurred other actual damages as a result of Defendant's unlawful conduct, including but not limited to past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of earning capacity, loss of enjoyment of life, injury to professional standing, injury to character and reputation, and other pecuniary and non-pecuniary losses.

## VIII.

## COMPENSATORY DAMAGES

8.1     Defendant Hyatt Corporation has intentionally engaged in an unlawful employment practice by discriminating against Plaintiff because of his disability and by retaliating against him for requesting a reasonable accommodation and making discrimination complaints or otherwise opposing a discriminatory practice. Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, injury to credit standing, job search expenses, lost earning capacity in the past and future, and other pecuniary and non-pecuniary losses.

## IX.

## PUNITIVE DAMAGES

9.1    The conduct committed by Defendant Hyatt Corporation against Plaintiff is the type of conduct demonstrating malice or reckless indifference to the rights of the Plaintiff. Therefore, Plaintiff additionally brings suit for punitive damages. SEE TEX. LAB. CODE §21.2585(a),(b).

## X.

## ATTORNEYS' FEES AND EXPERT FEES

10.1    A prevailing party may recover reasonable attorneys' and experts' fees.  Plaintiff seeks all reasonable and necessary attorneys' fees in this case from Hyatt Corporation, including preparation and trial of this lawsuit, post-trial, pre-appeal legal services, and any appeals to the Court of Appeals or the Texas Supreme Court. Plaintiff additionally brings suit for expert fees.

## XI.

## REQUEST FOR JURY TRIAL

11.1    Plaintiffs demand a trial by jury on all issues and hereby tender the required fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that:

1. The Court assume jurisdiction of this cause;

2. The Court award Plaintiff damages as specified above;

3. The Court award Plaintiff reinstatement or front-pay;

4. The Court award Plaintiff's reasonable attorneys' and expert fees and costs;

5. The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

Plaintiff further prays for any such other relief as the Court may find proper, whether at

law or in equity.

                    Respectfully submitted,

                    ROSS LAW GROUP
                    1104 San Antonio St.
                    Austin, Texas 78701
                    (512) 474-7677 Telephone
                    (512) 474-5306 Facsimile


                      /s/ Jonathan Sandstrom Hill
                    Jonathan Sandstrom Hill
                    State Bar No. 24076667

                    ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on this 23rd day of January, 2012, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:


Stephanie S. Cleveland
Akin Gump
1700 Pacific Avenue
Suite 4100
Dallas, Texas 75201


                     /s/ Jonathan Sandstrom Hill
                    Jonathan Sandstrom Hill